**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:20-CV-593-MOC-DCK**

| | |
|---|---|
| **JOHN W. THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **GREAT SOUTHERN LIFE INSURANCE** ) | |
| **COMPANY, and HARVEY W. WATT & CO.,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Consent

Protective Order" (Document No. 35) filed September 30, 2021.  This motion has been referred to

the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is

appropriate.  Having carefully considered the motion and the record, the undersigned will <u>grant</u>

the motion.

It appears to the Court that discovery and the trial in this action may involve the production

and disclosure of confidential, proprietary, or sensitive information requiring protection against

unrestricted disclosure or use.

**THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED** that,

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality

provisions shall govern all information and documents disclosed in discovery or otherwise in this

action:

1.      "Discovery Material" shall mean and include any document (whether in hard copy

or electronic form), thing, deposition testimony, interrogatory answers, responses to requests for

admissions and/or production, or other information supplied in response to the demands or requests of any party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or by a formerly-affiliated person or entity.

2.      Certain Discovery Material to be produced in this litigation may contain "confidential information," which for the purposes of this Order is Discovery Material that includes proprietary, confidential, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3.      Any party may, in good faith, designate any Discovery Material that contains "confidential information," as defined in Paragraph 2, as "CONFIDENTIAL." Discovery Material designated "CONFIDENTIAL" shall contain: non-public, sensitive, or proprietary information, whether personal or business-related; information protected from disclosure by contractual obligations with third parties; or information protected from disclosure by law.

4.      No designation of documents as "CONFIDENTIAL" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" in accordance with the provisions of Paragraph 13 of this Order provided that such testimony meets the "confidential information" as defined in Paragraph 2. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

5.     All information designated "CONFIDENTIAL" in accordance with the terms of this Order, and disclosed in discovery in this action, shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

6.     All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, and shall not be disclosed to any person except:

(a)     The Court (including court reporters, stenographic reporters and videographers, and court personnel) and any appellate body which has cause to consider any of the issues raised in this action;

(b)     The attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

(c)     Officers or employees of Defendants in this action;

(d)     Any witness as is necessary to prepare this case for litigation so long as the witness has executed an acceptable confidentiality agreement and otherwise agrees to be bound by the terms of this Order, including the Court's powers of enforcement, such as listed in paragraph 14;

(e)     Experts and their staff, and litigation support personnel and their staff retained by Outside Counsel in this litigation;

(f)     Any mediator and/or arbitrator selected with the consent of all parties or by the Court; and

(g)     Any other person as to whom the producing party agrees in writing prior to such disclosure

7.     Nothing in the Order shall be taken as assent by a non-producing party that

3

designated Discovery Materials are, in fact, "CONFIDENTIAL" or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be so designated and/or should be disclosable to persons other than those allowed by this Order. A party shall not be obligated to challenge the propriety of a designation or non-designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If the parties do not reach agreement on the correct designation of the information within ten (10) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation or non-designation shall remain in place and treated consistently with the terms of this Order.

8.     Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

9.     All "CONFIDENTIAL" information shall be maintained under the control of outside counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

4

10. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL," by following the procedures set forth herein. Information so designated and produced by non-parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

11. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" information that it has produced or disclosed in this litigation.

12. Nothing in this Order shall prevent disclosure of "CONFIDENTIAL" information beyond the terms of this Order, if the parties to this action – and, if applicable, the non-party from which the material originated – consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to other parties and – if applicable – to the non-party from which the material originated, modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" information.

13. Information disclosed at a deposition that meets the "confidential information" defined in Paragraph 2 may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL" and is subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL" by notifying the deposing party in writing within ten (10) business days of

5

the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" as the case may be. No deposition may be read by anyone other than the deponent, the attorneys for the parties, the parties, experts, and witnesses necessary to prepare this case for litigation (so long as the expert/witness has executed an acceptable confidentiality agreement and otherwise agrees to be bound by the terms of this Order, including the Court's powers of enforcement, such as listed in paragraph 14) during the twenty-one (21) day period following a deposition unless otherwise agreed upon among the attorneys. Upon being informed that certain portions of a deposition disclose "CONFIDENTIAL" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

14. Violation by any person of any term of this Order may be punishable as contempt of this Court. Any person or entity that produces "CONFIDENTIAL" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

15. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

6

16. Upon the final termination of this litigation, including any appeals, the ultimate disposition of CONFIDENTIAL materials is subject to a final order of the Court.

17. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

      (a) Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

Signed: October 4, 2021

      (b) Was lawfully possessed by the non-designating party prior to the date of this Order.

**SO STIPULATED.**

September 30, 2021.

**MARCELLINO & TYSON, PLLC**      **REGENT LAW**

/s/ Bryan L. Tyson_____
Bryan L. Tyson
N.C. State Bar No. 32182
Hannah Auckland
N.C. State Bar No. 35953
Marcellino & Tyson, PLLC
2820 Selwyn Avenue, Suite 350
Charlotte, NC 28209
bryan@yourncattorney.com
hauckland@yourncattorney.com
*Attorneys for Plaintiff*

David C. Keesler
United States Magistrate Judge

colin@regentlawnc.com
*Attorneys for Defendant*

7